IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SBA NETWORK SERVICES, INC.,

    Plaintiff,

v.

TELECOM PROCUREMENT
SERVICES, INC., ET AL.,

    Defendants.

05cv1392
**Electronically Filed**

### Order of Court

By Memorandum Opinion on July 20, 2006, this Court denied defendants' motion for summary judgment in its entirety, granted plaintiff's motion for summary judgment on liability, and ordered further briefing on the damages issue (doc. no. 25). On August 3, 2006, defendants filed the instant motion to alter judgment (doc. no. 28).

Pursuant to Fed. R. Civ. Pro. 59(e), a motion to alter judgment (motion for reconsideration) will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D.Pa.1993) (citing *Dodge v. Susquehanna Univ.*, 796 F.Supp. 829, 830 (M.D.Pa.1992)), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir.1995). Motions for reconsideration should not, however, relitigate issues already resolved by the Court. *Compton,* 834 F.Supp. at 755.

In the instant motion, defendants ask this Court to reconsider its prior rulings on summary judgment and in support thereof, defendants simply attempt to recast the same arguments which

they advanced in their motion for summary judgment, all of which were considered and squarely ruled upon in this Court's opinion on summary judgment.

In their motion, defendants do not demonstrate that this Court committed any manifest errors of law or fact, nor do they present any newly discovered evidence. Rather, defendants argue, among other things, that this Court erred in applying Florida law to the instant dispute. In its prior ruling on summary judgment, this Court emphasized that even if Florida law did not apply, the contractual provisions relating to indemnity would have equal force under New York law because "the contract is still valid and enforceable under the basic rules of contract law." (doc. no. 25, pages 7-8). The Court then proceeded to analyze the contractual provisions under both New York and Florida law and still found that defendants breached the contract by failing to indemnify plaintiff. Defendants have not argued that New York law (or any other state law) could possibly aid them in their attempts to avoid the terms of the contract to which they agreed to be bound. Accordingly, defendants contention that this Court erred in applying Florida law both misstates the opinion and it does nothing to advance their burden to show a manifest error of law or fact. Rather, it is merely an attempt to relitigate the issues already resolved by the Court. The Court will not address defendants' other arguments in support of their motion to alter judgment because said arguments are equally meritless and have been previously ruled upon in the prior opinion on summary judgment.

In plaintiff's response to the motion to alter judgment (doc. no. 33), it filed a motion for attorney's fees. By text order on August 14, 2006, this Court provided defendants an opportunity to respond to plaintiff's request for attorney's fees on or before August 18, 2006. In their response, defendants do not dispute the reasonableness of plaintiff's request for attorney's fees, but rather, they simply reiterate their position that attorney's fees and expenses are not

compensable, an argument on which this Court previously ruled otherwise.[1]  This Court will deny plaintiff's request for attorney's fees, without prejudice for plaintiff to refile a supplemental motion for attorney's fees at the conclusion of this litigation.

Accordingly, for these reasons, defendants' motion to alter judgment (doc. no. 28) is DENIED, and plaintiff's request for attorney's fees (doc. no. 33) is DENIED without prejudice.

SO ORDERED this 23rd day of August, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:	All counsel of record

---

[1] In its response to the motion for attorney's fees (doc. no. 38), defendants continue to cite a line of cases from New York and Florida, which are inapplicable to the present situation.  In the prior Memorandum Opinion on Summary Judgment, the Court did not specifically address this line of cases.  However, the Court wishes to clarify its view that those cases are distinguishable because, unlike the present case, those cases did not involve a contractual agreement by the parties to provide attorney's fees and costs incurred in establishing a right to indemnification. Although defendants are correct that it is the general rule that the attorney's fees and costs associated with establishing the right to indemnity are not recoverable, that rule does not apply to cases where the parties have contractually agreed otherwise. *See American and Foreign Ins. Co. v. Avis Rent-A-Car,* 401 So.2d 855 (Fla. App., 1981); *see also, Rosano's Farm Store, Inc. v. International Collections Service, Inc.,* 495 N.Y.S.2d 264, 265 (N.Y. A.D. 3 Dept., 1985).