IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SBA NETWORK SERVICES, INC.,

      Plaintiff,                                    05cv1392

   v.                                        **Electronically Filed**

TELECOM PROCUREMENT
SERVICES, INC., ET AL.,

      Defendants.

## Memorandum Opinion

### I. Introduction

This is an action for breach of contract. On July 20, 2006, this Court previously granted summary judgment in favor of plaintiff and against defendants on its breach of contract/indemnity action against defendants, and granted defendants motion for summary judgment on plaintiff's negligence action. Having resolved the issue of liability in favor of plaintiff and against defendants, this Court invited plaintiff to file a renewed or supplemental motion for summary judgment on damages, and consistent therewith, on August 3, 2006, plaintiff filed its renewed motion with supporting documentation (doc. nos. 30, 31 and 32), and on August 11, 2006, defendants filed their response in opposition thereto with supporting documentation (doc. nos. 35 and 36). On August 31, 2006, this Court heard oral argument on the pending motion for summary judgment. Upon consideration of the pending motion and response thereto, and the arguments of counsel, for the reasons that follow, this Court will GRANT plaintiff's renewed motion for summary judgment on damages (doc. no. 30).

## II.  Facts

This Court set forth the underlying facts in the prior opinion on summary judgment, and hereby incorporates by reference the facts as set forth in that Memorandum Opinion on Summary Judgment (see doc. no. 25).  In the current (renewed) motion for summary judgment on damages, plaintiff contends that, due to the fire, the subject cellular tower had to be disassembled and replaced with a comparable tower at the sole expense of plaintiff.  Plaintiff has submitted specific and substantial documentary evidence including invoices for the expenses it allegedly incurred in replacing the tower.  Those expenses have been substantiated and authenticated by the affidavit of William D. Gottfried, who is the National Operations Manager for SBA, as well as the deposition testimony of Todd D'Angelo, who was the field operations manager at the time and was the supervisor of the SBA employee on the Catskill tower (doc. nos. 30 and 32).  According to plaintiff, and through the affidavit of Mr. Gottfried, the costs and expenses incurred to dismantle and rebuild the cellular communications tower that was damaged as a result of the fire that occurred on October 9, 2003 in Catskill, New York, along with the costs and expenses associated with the temporary cell service required at the site while the repairs were performed totaled $268,408.13 (doc. no. 32).  The invoices were attached to the affidavit of Mr. Gottfried and Mr. Gottfried specified every items of damages in his affidavit (doc. no. 30).

Further, as to the issue of attorney's fees, costs and expenses, plaintiff set forth the affidavit of attorney Jeffrey Olszewski, who also itemized the time he spent litigating this case and the expenses incurred during this litigation, and he attested that attorney's fees of $25,606.78 (as of August 3, 2006), and expenses of $11,456.25 (as of August 3, 2006) were reasonable and necessary for the recovery of plaintiff's damages (doc. no. 30).

In their responsive statement of material facts[1] as to the damages for costs allegedly incurred in rebuilding and replacing the tower, defendants admit that plaintiff "may have or has made certain payments to the vendors . . . for work involving dismantling and rebuilding of the Catskill tower . . . . However, it is specifically denied that the plaintiff incurred damages recoverable from TPS in this action" (doc. no. 36). And, as to the attorney's fees, expenses and costs, again, defendant admits that plaintiff "may have or has incurred attorney fees and costs in the amount of $37,063.03 associated with the plaintiff's prosecution of this lawsuit. However, it is specifically denied that the plaintiff is entitled to recover any amount of attorney fees, costs or expenses from TPS . . . . (doc. no. 36, paragraph 10)." In essence, in their responsive statement of facts, defendants do not take issue with any single items of damages or attorney's fees, but rather, they simply object to the Court's prior holdings that they are liable for these damages.

### III. Standard of Review

Summary judgment under Fed.R.Civ.P. 56(c) is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. School Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), *quoting Foehl v. United States*, 238 F.3d 474, 477 (3d

---

[1] The Court notes that the separate statements of material facts do not comply with the protocol set forth in the case management order (see doc. no. 9, paragraph 6). The parties were required to file a JOINT concise statement of material facts. However, because this is the second round of briefing on summary judgment (and the Case Management Order did not specifically address the requirements for a second round of summary judgment motions), and the issues involved in the current motion for summary judgment are discreet, in the interests of efficiency and judicial economy, the Court will not strike the parties separate statements of material facts.

Cir.2001) (citations omitted). In deciding a summary judgment motion, the court must "view the evidence ... through the prism of the substantive evidentiary burden" to determine "whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of the evidence required by the governing law or that he did not." *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party has carried this burden, the burden shifts to the non-moving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993). Thus the non-moving party cannot rest on the pleadings, but instead must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), and cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (*citing Celotex*, 477 U.S. at 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n. 1 (3d Cir. 1994).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)." *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004.)  *See also Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001) (court must view facts in the light most favorable, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party ).

## IV.  Discussion

A.     **Compensatory Damages for Costs to Rebuild the Tower**

It is a fundamental principle of contract law that an award of damages should place the plaintiff in the same position as he or she would have been in if the contract had not been breached. *Tucker v. John Galt Ins. Agency Corp.,* 743 So.2d 108 (Fla. App. 4. Dist., 1976); *Wai Ming Ng. v. Tow*, 688 N.Y.S.2d 647 (N.Y. A.D. 2, Dept. 1999).  Damages in a usual breach of contract action should indemnify a party for the gains prevented and losses sustained by the breach; to leave him in no worse, but put him in no better position than he would have been had the breach not occurred. *Koplowitz v. Girard,* 658 So.2d 1183 (Fla. App. 4. Dist., 1995); *Odysseys Unlimited, Inc. v. Astral Travel Service*, 354 N.Y.S.2d 88 (N.Y. Sup., 1974).

Here, plaintiff has presented uncontested evidence setting forth the costs it expended in replacing the tower.  In support thereof, plaintiff has submitted the affidavit of Mr. Gottfried, plaintiff's National Operations Manager (doc. no. 30), who set forth the costs and expenses incurred by SBA in dismantling and removing the damaged cell tower and replacing it with a new cell tower, along with the costs and expenses associated with providing temporary cell

service to Sprint and Nextel during the 46 days it took to rebuild the tower. With the affidavit of Mr. Gottfried, plaintiff has properly authenticated the attached the invoices evidencing the costs to rebuild this tower and these damages total $268,408.13. Accordingly, in order to place plaintiff in the position it would have been, had defendant not breached the contract, this Court assesses the damages for replacement of the tower to be $268,408.13.

Defendant has submitted no evidence in the summary judgment documentation to discount plaintiff's claim for damages other than to state that plaintiff's request for damages is not reasonable. Defendants' conclusory statements regarding reasonableness, without any conflicting evidence to discount plaintiff's damages amount, does nothing to advance their burden to create any issue of material fact regarding the damages sustained by plaintiff. *See Williams v. Borough of W. Chester*, 891 F.2d at 460 (non-moving party cannot rely on unsupported assertions or conclusory allegations in attempting to survive a summary judgment motion).[2]

Accordingly, this Court finds that plaintiff incurred $268,408.13 in rebuilding the tower, and plaintiff is entitled to damages in that amount as a matter of law.

**B.     Prejudgment Interest**

Under either Florida or New York law, damages for breach of contract are generally to be measured as of date of the breach, with interest to date of trial. *Lake Region Paradise Island, Inc. v. Graviss*, 335 So.2d 341 (Fla. App. 2. Dist., 1976); *See also*, *Advanced Retail Marketing,*

---

[2]At oral argument, counsel for defendants proffered to the Court for the first time, after a full cycle of summary judgment briefing, an unverified spread sheet of defendant's position as to plaintiff's damages. This spreadsheet is insufficient to create an issue of fact and does not comply with the procedures set forth regarding motions for summary judgment and responses thereto. See Local Rule 56.1C and Chambers Practices and Procedures.

*Inc. v. News America Marketing*, 758 N.Y.S.2d 8 (N.Y. A.D. 1 Dept., 2003) (citations omitted) (Plaintiff, as prevailing party in this action for breach of contract, is entitled to prejudgment interest "from the earliest ascertainable date the cause of action existed.")

Defendants recycle the same failed argument that plaintiff is not entitled to prejudgment interest because Florida law does not apply. Again, although defendant refuses to accept the Court's ruling that Florida law is applicable, even assuming New York law and not Florida law is applicable (just as this Court stated in its prior Memorandum Opinion on Summary Judgment) (doc. no. 25), it makes no difference to the plaintiff's request for prejudgment interest. As stated above, both New York law and Florida law provide for prejudgment interest and defendants' argument to the contrary is spurious.

Accordingly, prejudgment interest of $51,668.55 shall also be assessed against defendants. This amount is based on 7% interest from January 1, 2004 to December 31, 2005 ($37,577.12) and 9% from January 1, 2006 to July 31, 2006 ($14,091.43), for a total of $51,668.55 in prejudgment interest.

**C.     Attorney's Fees and Costs**

Under either Florida or New York law, attorney's fees and expenses are recoverable, where the parties contractually agreed thereto, or where there is a statutory basis for attorney's fees. *Medina v. Medina,* 461 So.2d 1028 (Fla. App. 5 Dist. 1985); see also, *Rosano's Farm Store, Inc. v. International Collections Service, Inc.,* 495 N.Y.S.2d 264, 265 (N.Y. A.D. 3 Dept., 1985).

Defendants have submitted no evidence to dispute the amount of attorney's fees or costs. Rather, defendants continue to argue that the contract does not provide for attorney's fees - an

argument which this Court already dismissed in the Memorandum Opinion on Summary Judgment as to liability (doc. no. 25 at page 14). And, again, defendants continue to rehash the argument that New York law should apply.[3] As rehearsed, whether this Court applies Florida or New York law to the issue of attorney's fees and costs makes no difference, because under either law of either state, attorney's fees are recoverable as an item of damages, where as here, the parties unambiguously contractually agreed thereto. *Medina v. Medina,* 461 So.2d 1028 (Fla. App. 5 Dist. 1985); see also, *Rosano's Farm Store, Inc. v. International Collections Service, Inc.,* 495 N.Y.S.2d 264, 265 (N.Y. A.D. 3 Dept., 1985). Defendants have not contested the reasonableness of the attorney's fees or expenses, they simply regurgitate the same failed arguments that this Court should have applied New York law.

Plaintiff has submitted an affidavit of attorney Jeffrey Olszewski, setting forth the total of attorney's fees, costs and expenses (doc. no 30-3). As of the date of filing of the renewed motion for summary judgment on damages (August 3, 2006), the total costs for attorney's fees is $25,606.78 and costs and expenses is $9,651.25.[4] This Court, after undertaking its review of the time sheets, a process with which this Court is intimately familiar, finds that the time spent litigating these claims was not only reasonable, but efficient. The Court finds that counsel did not submit charges for unnecessary, redundant, or excessive hours and further, the Court finds that the hourly rate of $145.00 was reasonable. This Court finds the attorney's fees, costs and

---

[3]At oral argument, defendants argued for the first time that plaintiff failed to plead attorney's fees and costs in its complaint, and therefore is not entitled to said fees and costs. However, that argument is belied by the record. See Doc. No. 1, Complaint at paragraph 23(e).

[4]Plaintiff originally documented costs of $11,456.25, but during oral argument, and after defense counsel highlighted the fact that these costs included $1,805.00 for mediation, plaintiff agreed to withdraw that item of costs thereby reducing the total costs to $9,651.25.

expenses submitted by plaintiff to be reasonable, and therefore, will award $35,258.03.

## V.  Conclusion

For the reasons set forth hereinabove, plaintiff's renewed motion for summary judgment (doc. no.30) is GRANTED.  An appropriate order follows.

SO ORDERED this 31st day of August, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record